IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTINA DHANARAJ, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | |
| JANE DOE, *et al.* | * | Civil Action No. 8:20-cv-00970-PX |
| Intervenor-Plaintiffs, | * | |
| v. | * | |
| MARKEL INSURANCE COMPANY, | * | |
| Defendant. | * | |

\*\*\*

## **MEMORANDUM OPINION**

Pending before the Court are Jane and John Does' Motion to Intervene in this action. ECF No. 14. Plaintiffs Christina Dhanaraj ("Dhanaraj") and Christina Dhanaraj Daycare ("the Daycare") filed suit in Montgomery County Circuit Court against Defendant Markel Insurance Company ("Markel") for breach of contract and a declaratory judgment pursuant to Md. Code Ann. Cts. & Jud. Proc. § 3-406. Markel has removed the case to this Court. The Does' motion to intervene has been fully briefed and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the motion is granted.[1]

### **I.  Background**

According to the Amended Complaint, Dhanaraj owned and operated an in-home daycare in Montgomery County, Maryland. ECF No. 10 at ¶ 3. Markel Insurance Company ("Markel")

---

[1] The Clerk shall amend the caption of this case to include Jane and John Doe as Intervenor-Plaintiffs.

provided the general liability insurance for the business. *Id.* at ¶ 8; ECF No. 10-2 at 1-4. In January 2017, Dhanaraj was charged and subsequently pleaded guilty to second degree child abuse arising from Dhanaraj having repeatedly hit the Does' two-year old child, H.E., who was enrolled in the Daycare. ECF No. 10 at ¶¶ 12-15.[2] In December 2018, the Does filed a tort action against Dhanaraj and the Daycare in Montgomery County Circuit Court, seeking compensatory and punitive damages for injuries relating to Dhanaraj's abuse of H.E. *See Doe v. Dhanaraj*, No. 461250-V (Montgomery Cnty Cir. Ct. Dec. 31, 2018).

Dhanaraj sought indemnification and defense coverage from Markel under the general liability policy. *See* ECF No. 22-6 at 2. In response, Markel asserted that the policy did not trigger any duty to defend or indemnify Dhanaraj in the Does' suit. ECF No. 22-7. Markel specifically maintained that the policy did not cover an "intentional act[]" such as the assault Dhanaraj had committed on H.E. *Id.* at 3; *see also* ECF No. 22-15 at 32 (defining an "occurrence" covered by the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."). Additionally, Markel contends that the policy excludes coverage for any "insured who takes part in the abuse, molestation or exploitation." ECF No. 22-7 at 3,4; *see also* ECF No. 22-15 at 19 (Section I.2(a) - excluding from coverage "bodily injury . . . intended from the standpoint of the insured."), 57 (Section B.2.b. excluding from coverage "any insured who takes part in the abuse, molestation, or exploitation.").

Upon receiving Markel's coverage disclaimer, Dhanaraj and the Daycare filed a third-

---

[2] The Court grants the unopposed motion to proceed under pseudonyms (ECF No. 18) to protect the identity of the Does' young child. *See, e.g., Doe v. N. Carolina Cent. Univ.*, No. 1:98-cv-1095, 1999 WL 1939248, at *4 (M.D.N.C. Apr. 15, 1999) ("Courts are often more willing to allow parties to proceed anonymously in order to protect the privacy rights of children.") (citing *James v. Jacobson*, 6 F.3d 233, 241 (4th Cir. 1993)); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (Finding "especially persuasive . . . the fact that plaintiffs are children."). For the same reasons, the Court also grants the unopposed motion to seal ECF Nos. 19 and 20 (ECF No. 21).

2

party complaint against Markel in the Circuit Court tort action, seeking coverage under the policy. ECF No. 22-4 at 7. The Circuit Court dismissed the third-party complaint but permitted Dhanaraj and the Daycare to file a separate action against Markel. In that action, Dhanaraj and the Daycare sought declaratory judgment to establish that Markel, pursuant to the general liability policy, must defend and indemnify them in the underlying tort action. ECF No. 10. Specifically, Dhanaraj and the Daycare aver that the incident involving H.E. constitutes an "occurrence" committed by an "employee" of the insured and is thus not subject to the policy exclusions. *Id.* ¶¶ 24-39. Markel removed the declaratory judgment action to this Court and the Does now seek to intervene. ECF Nos. 1, 14.

## II. Analysis

Rule 24 of the Federal Rules of Civil Procedure governs whether parties may intervene as a matter of right, or alternatively, upon permission of the Court. *See* Fed. R. Civ. P. 24(a)-(b). The Does maintain that they are entitled to intervene as of right only as to the declaratory judgment claim (Count II). Intervention as of right must be granted where the putative intervenor demonstrates "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Teague v. Bakker*, 931 F.2d 259, 260–61 (4th Cir. 1991). The interest in question must be "a significantly protectable interest." *Id.* at 261 (quoting *Donaldson v. United States*, 400 U.S. 517, 580 (1971)). "[L]iberal intervention is desirable to dispose of as much of a controversy 'involving as many apparently concerned persons as is compatible with efficiency and due process.'" *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)).

As to the first prong, Markel argues that the Does maintain no interest in whether the

insurance policy covers the claims triggered by Dhanaraj's tortious conduct. The Court disagrees. The Amended Complaint makes plain that the declaratory action will resolve whether Markel must "defend and indemnify" Dhanaraj and the Daycare for "any acts that may have caused the injuries to *the Doe[s.]*" ECF No. 10 ¶ 2; *see also id.* ¶ 37. Thus, the Does stand "to gain or lose by the direct legal operation of the district court's judgment." *Teague,* 931 F.2d at 259. Clearly, the Does have keen interest in whether the declaratory relief is obtained.

Second, the outcome of the litigation will affect the Does. To the extent this Court decides that the incident falls outside allowable coverage, the Does may have no means of recovery in the underlying tort suit. This is so because, as the Does amply demonstrate, the insureds are near judgment proof. *See, e.g.*, ECF No. 23-1 at Tr. 15-18, 19, 34, 37-38. For this reason, the Does have demonstrated that their sufficiently protectable interest would be impaired because of this action. *See Teague*, 931 F.2d at 261.

Markel suggests, however, that the Court must look past the plain language of the Amended Complaint and find that it can "only be read as a claim for *defense costs*," under the policy's employee coverage provisions and for which the Does have no real interest. ECF No. 22-1 at 9 (emphasis in original) (citing *Kamaki Skiathos, Inc. v. Essex Ins. Co.*, 396 F. Supp. 2d 624, 628 (D. Md. 2005). In support of its position, Markel cites *Kamaki Skiathos, Inc.*, 396 F. Supp. 2d at 628, for the narrow point that the nature of a claim does not turn on how it is labeled, but the facts and legal violations averred. Putting to the side that *Kamaki Skiathos* had nothing to do with propriety of intervention, the Amended Complaint here clearly avers more than a claim for defense costs. The Amended Complaint seeks "tender of coverage and indemnification." ECF No. 10 ¶ 21; *see also id.* ¶¶ 30-31 ("The general policy of insurance obligates [Markel] to pay for bodily injury, property damage or personal and advertising injury arising out of the actual

4

or threatened abuse by anyone… In violation and breach of its contractual obligations [Markel] denied claims to defend and indemnify Dhanaraj for losses."). Indeed, Dhanaraj avers that Markel must indemnify "*all* claims and costs arising from the occurrence alleged in the Original Action are covered. ." *Id.* ¶ 37 (emphasis added). Thus, the Court concludes that the Does' interests in triggering indemnity, not just paying defense costs, are front and center as averred in the Amended Complaint.

As to the third prong, Markel maintains that the Does have failed to rebut a "presumption of adequate representation" that extends to the Does' interests via Dhanaraj and the Daycare pursuing the coverage claims. Because Dhanaraj, the Daycare, and the Does all seek the same outcome – coverage for the tort claims – Markel maintains that the Does cannot demonstrate adversity of interests. ECF No. 22-1 at 13 (quoting *Metro. Prop. & Cas. Ins. Co. v. McKaughan*, Civ. No. WMN-10-690, 2011 WL 977870, at *2 (D. Md. Mar. 17, 2011)). The Court, once again, cannot agree with Markel.

To begin, Markel gives short shrift to the Does' relatively minimal burden as to this prong; they need only show that representation of their interest "may be inadequate" absent intervention. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972) (internal quotation marks omitted). On this question, the Court is guided by *Harrison v. Fireman's Fund Insurance Company*. Civ. No. ELH-11-1258, 2011 WL 3241452 (D. Md. July 28, 2011). There, as here, the parents of a child who had been harmed by the insureds sought to intervene in a declaratory coverage action between the insureds and insurer. Granting intervention, the Court rejected the same argument that Markel makes here, reasoning that the insured's sexual assault of the intervenors' child undercut any notion that the insureds could be "a fair and adequate representative of their interest." *Id.* at *2. Accordingly, the Court found that even though the

intervenors and insured were unified in seeking the same outcome in the declaratory judgment suit, they were diametrically opposed as to their positions in the underlying tort suit. *Id.* at *3-4 (citing 7C Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1909, at 396-98 (3d. ed.)).

This same divergence of interests on the underlying tort action cuts in favor of intervention here. The dispute as to scope of coverage centers on the nature of the underlying action. How the parties frame the tort claim could be outcome determinative as to whether coverage is triggered. Accordingly, evidence of intentional misconduct may prove powerful on the merits of the underlying tort suit but devastating to the coverage claim. Dhanaraj already pleaded guilty to assault, and is therefore, locked in as to her admissions in the criminal case. She simply cannot defend the question on scope of coverage in the same way as the Does. Thus, although both the insureds and parents of the victim want coverage, they may likely disagree as to the path to success. On this basis alone, the Does have met their minimal burden of showing that their interests may not be adequately represented without intervention.

In sum, the Does have established that mandatory intervention is warranted and the Court grants the motion pursuant to Rule 24(a)(2). Alternatively, even if mandatory intervention were not justified, the Court would grant permissive intervention.

Under Rule 24(b) where the intervenor "has a claim or defense that shares with the main action a common question of law or fact," the Court may permit intervention even if the intervenor has not demonstrated its place in the litigation as a matter of right. Fed. R. Civ. P. 24(b)(1)(B). Whether to grant intervention "lies within the sound discretion of the trial court," *See Hill v. W. Elec. Co.*, 672 F.2d 381, 386 (4th Cir. 1982). "In exercising its discretion, the

[C]ourt must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also Hill,* 672 F.2d at 386.

Markel principally maintains that this Court should decline permissive intervention because the insureds and Does claims are not sufficiently common and because intervention would "*de facto* complicate logistics, pleadings, discovery, and legal arguments…" ECF No. 22-1 at 21. That the Does and insureds take different positions on the merits of coverage is precisely the reason why the Does should be a party to this action. The Court has fully addressed this point and will not belabor it here.

As for prejudice, this matter is in its infancy. A scheduling order has not yet issued, and so discovery has yet to begin. Thus, this Court retains maximum flexibility and control to ensure that discovery remains efficient and streamlined. The Court discerns no prejudice that cannot otherwise be addressed as part of the routine discovery process. The Does' motion is therefore granted.[3]

A separate Order follows.

| 11/18/20 | /S/ |
|---|---|
| Date | Paula Xinis |
|  | United States District Judge |

---

[3] Markel separately sought leave to file a sur-reply to address whether the Does negligence claim "goes to the merits" of the coverage action. ECF No. 24-1. "Sur-replies are disfavored in this District." *Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 679 (D. Md. 2013), but "may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D. Md. 2003). This is not that situation. Markel raised initially that the Does amended the tort action to include a negligence claim. *See* ECF No. 22-13 (Motion to Amend and Amended Complaint attached as exhibits to the motion in opposition); ECF No. 22-1 at 7 ("On May 11, 2020, the Does filed a motion . . . seeking to amend their tort complaint to add a common law negligence claim against the Dhanaraj Plaintiffs."); *id.* at 17 ("Finally, there is the Does' curious decision to seek to amend their tort claims to add the new count of negligence …"); *id.* at 18 n.2 (the Does "seek only to add a nominal negligence count"). That the Does responded to this matter does not constitute a new argument warranting a sur-reply. *See* ECF No. 23 at 3-4. However, even if the Court granted the motion to file a sur-reply, Markel's additional arguments would not change the outcome of the intervention motion.